**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jesus TAPIA, Defendant–Appellant.**

No. 03–41364.

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 13, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Sandra Zamora Zayas, Assistants Federal Public Defender, Federal Public Defender's Office Southern District of Texas, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Jesus Tapia. *United States v. Tapia,* 115 F. App'x 755, 756 (5th Cir. Dec. 17, 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v.*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Muniz–Tapia v. United States,* —— U.S. ——, 125 S.Ct. 1960, 161 L.Ed.2d 770 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Tapia contends that he is entitled to be resentenced because the district court, contrary to the Supreme Court's later holding in *Booker,* sentenced him under a mandatory application of the United States Sentencing Guidelines. Despite Tapia's argument to the contrary, this court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *See United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005).

Tapia concedes that he cannot make even a showing of plain error, as required by our precedent in *United States v. Mares,* 402 F.3d 511, 520–22 (5th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). Therefore, "[b]ecause plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances . . . cannot be satisfied." *Taylor,* 409 F.3d at 677. Moreover, our precedent forecloses his arguments that a *Booker* error is a structural error and that such errors are presumed to be prejudicial. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 194, —— L.Ed.2d —— (2005); *see also Mares,* 402 F.3d at 520–22.

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Tapia's conviction and sentence.

AFFIRMED.